IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NORMAN SIALES, | ) | CIVIL NO. 11-00299 LEK-RLP |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | APPLICATION TO PROCEED WITHOUT |
| vs. | ) | PREPAYMENT OF FEES AND FINDINGS |
| | ) | AND RECOMMENDATION TO DENY |
| HAWAII STATE JUDICIARY, | ) | PLAINTIFF'S REQUEST FOR |
| DEPARTMENT OF HUMAN | ) | APPOINTMENT OF COUNSEL |
| RESOURCES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT
PREPAYMENT OF FEES AND FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL[1]

On May 5, 2011, Plaintiff Norman Siales filed a Complaint against Defendant alleging that it violated Title VII of the Civil Rights Act of 1964 when it discriminated against him based on his national origin and "desparate [sic] treatment" and "retaliatory discrimination." Compl. at 3. Plaintiff attached to his Complaint a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") dated March 2, 2011. App. 1 to Compl. Plaintiff also filed an Application to Proceed without

---

[1] Within seventeen (17) days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 74.2 of the Local Rules of Practice for the United States District Court for the District of Hawaii, and Rule 6(d) of the Federal Rules of Civil Procedure, file written objections in the United States District Court. A party must file any objections within the seventeen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Prepayment of Fees ("Application") and Request for Appointment of Counsel Under Civil Rights Act of 1964 42 U.S.C. § 2000e-5(f)(1)(B) ("Request for Appointment of Counsel"). The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii. After carefully reviewing Plaintiff's submissions and the relevant legal authority, the Court GRANTS Plaintiff's Application and FINDS and RECOMMENDS that Plaintiff's Request for Appointment of Counsel be DENIED.

DISCUSSION

I. Plaintiff's Application to Proceed Without Prepayment of Fees

A court may authorize a litigant to proceed without prepayment of fees if the litigant submits an affidavit that includes a statement that the litigant is unable to pay the required fees. 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (internal quotations omitted).

Here, Plaintiff's Application notes that Plaintiff is not currently employed, receives no income or benefits, and has no assets of value. Appl. at 1-2. Plaintiff further states that

he has received money from family to pay for his rent, but that money was in the form of loans. Id. at 2. Based on the foregoing, the Court finds that Plaintiff has demonstrated that he is unable to pay court fees at this time. Accordingly, Plaintiff's Application is GRANTED.

II. Plaintiff's Request for Appointment of Counsel

There is no constitutional right to the appointment of counsel in employment discrimination cases. Ivey v. Bd. of Regents of Univ. of Ala., 673 F.2d 266, 269 (9th Cir. 1982). Title VII authorizes the appointment of counsel "[u]pon application by the complainant and in such circumstances as the court may deem just . . . ." 42 U.S.C. § 2000e-5(f)(1). "The decision to appoint counsel is left to the sound discretion of the district court." Johnson v. U.S. Treasury Dep't, 27 F.3d 415, 416 (9th Cir. 1994) (citations omitted). The court should consider the following three factors in determining whether to appoint counsel "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." Id. at 416-17 (citations omitted).

A. Plaintiff's Financial Resources

First, through his affidavit in support of his Application, Plaintiff demonstrated that he does not have any financial resources. In his Request for Appointment of Counsel,

Plaintiff reiterates that he is currently unemployed and has been since June 2010. Req. for Appointment of Counsel at 5. Additionally, Plaintiff states that he has no income and has outstanding debts in excess of two thousand dollars. Id. at 6-7. Therefore, the Court finds that Plaintiff's financial resources weigh in favor of appointing counsel.

        B.   <u>Plaintiff's Efforts to Obtain Counsel</u>

Second, the Court will consider whether Plaintiff made "what can be considered a reasonably diligent effort under the circumstances to obtain counsel." <u>Bradshaw v. Zoological Soc'y of San Diego</u>, 662 F.2d 1301, 1319 (9th Cir. 1981). Here, Plaintiff lists five attorneys in his Request for Appointment of Counsel, but states he did not contact the attorneys listed. Req. for Appointment of Counsel at 4. Plaintiff explained "My apologies I didn't contact these attorneys due to my financial inability . I'm flat broke for over a year or so now couldn't afford to retain their services. Thank you for your understanding." Id. This explanation is insufficient to excuse the requirement that Plaintiff make a "diligent effort" to obtain counsel. Plaintiff did not make any effort to contact the listed attorneys or Legal Aid. Accordingly, the Court finds that Plaintiff has not made a reasonably diligent effort under the circumstances to obtain counsel. The Court therefore finds that this factor weighs against appointing counsel.

C. <u>The Merits of Plaintiff's Claim</u>

Third, Plaintiff must show that his claim has "some merit." <u>Bradshaw</u>, 662 F.2d at 1319. Title VII makes it "an unlawful employment practice for an employer . . . to refuse to hire . . . any individual . . . because of such individual's . . . national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). A person claiming to be aggrieved by an unlawful employment practice may file a charge with the EEOC. <u>See</u> <u>id.</u> § 2000e-5(b). Should the EEOC choose to dismiss a charge after an investigation, the EEOC must notify the claimant and inform him that he has ninety days to file a lawsuit. <u>Id.</u> § 2000e-5(f)(1); <u>Payan v. Aramark Mgmt. Servs. Ltd. P'ship</u>, 495 F.3d 1119, 1121 (9th Cir. 2007).

In evaluating the merits of the claim, the court should give "appropriate weight" to the EEOC's determination regarding Plaintiff's claim. <u>Bradshaw</u>, 662 F.2d at 1319-20. In instances where the EEOC has found no reasonable cause, the court should ask the plaintiff why he considers the EEOC's determination to be in error. <u>Id.</u> at 1309 n.20 (citing <u>Caston v. Sears, Roebuck & Co.</u>, 556 F.2d 1305, 1309 (5th Cir. 1977). "[A] negative EEOC determination, together with patently frivolous rebuttals by the plaintiff, would militate against appointment of a lawyer." <u>Jenkins v. Chem. Bank</u>, 721 F.2d 876, 880 (2d Cir. 1983); <u>see</u> <u>also</u> <u>Bradshaw</u>, 662 F.2d at 1309 n.20 ("[A] finding that the EEOC determination is supported by substantial evidence in the

5

investigative file and that plaintiff's objections thereto are patently frivolous would weigh heavily in the scales against appointing an attorney." (quoting Caston, 556 F.2d at 1309)).

Here, on January 1, 2010, Plaintiff filed a complaint for employment discrimination against the Hawaii State Judiciary, Department of Human Resources with the Hawaii Civil Rights Commission ("HCRC"). App. 3 to Req. for Appointment of Counsel at 4. Plaintiff claimed that he was not hired by Defendant because of his national origin/ancestry. Id. On January 11, 2011, the HCRC made a finding for closure because there was insufficient evidence to substantiate discrimination. Id. at 5. Specifically, the HCRC found that there was no causal connection between adverse employment action and Plaintiff's national origin/ancestry. Id. The HCRC also found that Plaintiff did not meet the minimum qualification requirements for the position for which he applied because he lacked the required two years of general and/or specialized experience and did not meet the required typing skill requirement. Id. The EEOC adopted that finding on March 2, 2011. App. 1 to Compl. at 1.

Plaintiff's Request for Appointment of Counsel is made on a pre-printed form, which includes a section that asks Plaintiff for the reasons why he is questioning the EEOC's determination. In that section, Plaintiff states:

> (1) My objections with Commission's bias adjudicatory over this desparate [sic]

6

> treatment and retaliatory discrimination case is that we all know through legislative and judicial notices of this existing science and technology's human channel that had subjected my poor involuntary self to this Federal's Marxism device, as in one of its center-pieces to its wonderous [sic] economical and political establishments.
>
> (2) Which had crucially caused this persisting desparate [sic] treatment from science and technology's experiments. And which however, inflicted these persisting retaliatory discriminations towards my personal and professional growth as what been evidently shown here through this case and couple yet to come forth. Of their retaliatory discriminations against me throughout their filibuses [sic].
>
> (3) In retaliating my professional growth or re-establishments in every state I went. But most of all the mere denial and deprivations of my sole fundamental rights bestowed in the articles of the 14th and 5th Amendments of our United States Constitution. Which is evidentially shown through this case, of their discrimination toward my application for the Clerical position.

Req. for Appointment of Counsel at 3. This response does not address the facts of the alleged adverse employment action and does not provide any basis for the Court to determine why the Plaintiff thinks that the EEOC's no cause determination was in error.

In addition to the EEOC's determination, the court may consider the allegations in Plaintiff's complaint in determining whether his claims have at least some merit. See, e.g., Gregory v. Hilton Resorts Corp., Civ. No. 08-00476 SOM/BMK, 2008 WL

4755672 (D. Haw. Oct. 23, 2008); Bradshaw, 662 F.2d at 1319. Plaintiff's complaint is captioned as an "Employment Discrimination Complaint" and includes the completed pre-printed forms available from the court for such claims. See Compl. at 1-4. However, in addition to the pre-printed forms, Plaintiff includes a six-page type-written statement. Id. at 5-10. That statement includes a section entitled "Jurisdictions." Id. at 5. Under that section, Plaintiff lists the following statutes:

> Title VII of Civil Rights Act of 1964 & 1991 of Employment Discrimination, Desparate [sic] Treatment and Retaliatory Discriminations; 14th and 5th Amended of the United States Constitution of Involuntary Servitude; Conspiracy Against Rights U.S.C. Title 18 Part I, Chap 13 Sec. 241; Conspiracy U.S.C. Title 18 Cap. 96 Sec. 1961 Indictable Bribery, Sec. 1503 Obstruction of Justice and State, Local Investigations, 1513 and 1546 Retaliating Against Victim and Defrauding Documents, U.S.C. Title 18 Ch. 96 Sec. 1961 (d) Frauds; U.S.C. Titled 18 Part I. Chap. 15 Sec. 287 False Fictitious or Fraudulent Claims.

Id. For purposes of the present motion, the Court will only examine Plaintiff's Title VII claims.

To establish a prima facie case for disparate treatment under Title VII a Plaintiff must show that: (1) plaintiff belongs to a protected class; (2) plaintiff was qualified for the position; (3) plaintiff was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably. Hawn v. Executive Jet Management, Inc., 615 F.3d 1151, 1156 (9th Cir. 2010) (citing

8

Peterson v. Hewlett-Packard Co., 358 F.3d 599, 603 (9th Cir. 2004); Wallis v. J.R. Simplot Co., 26 F.3d 885, 889 (9th Cir. 1994)).

Plaintiff asserts that he was not hired because of his national origin. Compl. at 2. Plaintiff has alleged that he is a member of a protected class. Specifically, Plaintiff's complaint states that he was born and raised in Pohnpei, a state in the Federated States of Micronesia. Id. at 6. In July 2009, Plaintiff asserts that he applied for and was qualified for a job which Defendant was seeking applicants. Id. at 8. Plaintiff alleges that he applied for a job as a District Court Clerk I and that he met the minimum qualifications. Id. at 2, 8; App. 2 to Req. for Appointment of Counsel at 5-6. In August 2009, Plaintiff received notification that he was ineligible for the District Court Clerk I position because he did not meet the minimum experience requirements. App. 3 to Req. for Appointment of Counsel at 3. Plaintiff claims that Defendant's explanation is not legitimate because Defendant's job vacancy announcement states that two years business and legal accredited study could be substituted for the general and/or specialized experience and the required clerical skills needed for the position. Compl. at 2, 8. Plaintiff asserts that he is a graduate with a two-year degree in paralegal studies from Ashworth College. Id. at 8. Plaintiff also asserts that Defendant did not acknowledge the

9

time that Plaintiff spent volunteering at the Honolulu County Court.  Id. at 2, 8.

Appendix 1 to Plaintiff's Request for Appointment of Counsel includes a copy of the job vacancy notice for the position.  The vacancy announcement lists requirements for general experience, specialized experience, and a skill requirement.  App. 1 to Req. for Appointment of Counsel at 1. The vacancy announcement states that successful completion of a two-year curriculum may be substituted for two years of general experience.  Id.  at 1.  The vacancy announcement also states that "[s]tudy at an accredited university or college in a para-legal program" may be substituted for up to two years of specialized experience.  Id. at 2.  There is no allowable substitution listed for the skill requirement.  Id.

It appears that Plaintiff may be allowed to substitute his two-year degree from Ashworth College for the two-years of specialized experience, assuming that Plaintiff can show that Ashworth College's program was accredited.  However, it does not appear that Plaintiff has the required general experience.  In Plaintiff's application, he does not list two years of "progressively responsible work experience which involved operation of a typewriter in the performance of a variety of clerical tasks which demonstrated knowledge of office practices and procedures; grammar, word usage and spelling; and use of

standard office machines." See App. 1 and App. 2 to Req. for Appointment of Counsel.  Additionally, there is no indication in the vacancy announcement that a two-year paralegal degree can be substituted for both the general experience and the specialized experience.  Finally, regarding the skill requirement, the vacancy announcement states that an applicant must be able to type at a rate of 40 words per minute; no substitutions are listed for the skill requirement.  App. 1 to the Req. for Appointment of Counsel at 1-2.  Plaintiff's application states that he can type at a rate of 25 words per minute.  App. 2 to the Req. for Appointment of Counsel at 4.  It does not appear that Plaintiff meets the skill requirement for the position.  Based on the Court's review of the documentation provided by Plaintiff, the Court finds that Plaintiff's claim appears to be without merit.

In addition to the claim based on his national origin/ancestry, Plaintiff also appears to make a claim for disparate treatment based on "our federal's Marxism device, through federal's science and technological experiments which generate asserts through its economical and political establishments.  Where I happen to be a involuntary servitude of it's [sic] center-piece."  Compl. at 3.  Additionally, Plaintiff alleges that the State of Hawaii is discriminating against him through "retaliatory scrutiny" of his prior criminal record and

his credit references.  Id.  Plaintiff does not allege any adverse employment action related to either of these claims.  See id.  Accordingly, the Court finds that these claims also appear to be without merit.

After carefully considering the EEOC's finding, Plaintiff's explanation for questioning the EEOC's determination, the allegations contained in the Complaint, and the additional submissions by Plaintiff, the Court concludes that the third factor weighs against appointment of counsel.

Additionally, the Court observes that Plaintiff's Complaint does not present complex issues of law.  Plaintiff appears capable of articulating the facts and legal issues in court and is therefore seemingly able to proceed pro se.  See Miljkovic v. Univ. of Haw., Civ. No. 09-00064 ACK-KSC, 2010 WL 346450 at *1 (D. Haw. Jan. 27, 2010) (citing Castner v. Colo. Springs Cablevision, 979 F.2d 1417, 1421 (10th Cir. 1992); Darden v. Ill. Bell Tel. Co., 797 F.2d 497, 501 (7th Cir. 1986)).  Balancing the foregoing factors, the Court RECOMMENDS that Plaintiff's Request for Appointment of Counsel be DENIED.

## CONCLUSION

In accordance with the foregoing, the Court (1) GRANTS Plaintiff's Application and (2) FINDS and RECOMMENDS that Plaintiff's Request for Appointment of Counsel be DENIED.

IT IS SO ORDERED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, May 18, 2011



_____
Richard L. Puglisi
United States Magistrate Judge

**SIALES V. HAWAII STATE JUDICIARY; CIVIL NO. 11-00299 LEK-RLP; ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**