IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| NORMAN SIALES, | ) | CIVIL NO. 11-00299 LEK-RLP |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| HAWAII STATE JUDICIARY, HUMAN RESOURCES, | ) | |
| Defendant. | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION FILED JULY 5, 2011 AND DENYING PLAINTIFF'S MOTION FILED JUNE 27, 2011**

On June 27, 2011, pro se Plaintiff Norman Siales ("Plaintiff") filed his "Motion to Strike on the Prima-Facie Establishments and Also to Seek Omnibus Motion on the Concurrent Substances Claimed Off Merits with the Nature Issues, and the Rebuttals Court Finds Frivolous and that If May Extend to Reliefs Entitled to within under Title VII of the Civil Rights Act and the Remedies of 1964 and 1991" ("6/27/11 Motion"). [Dkt. no. 10.] On June 28, 2011, this Court issued an order construing the 6/27/11 Motion as a motion for summary judgment and denying the 6/27/11 Motion without prejudice because it was premature ("6/28/11 Order"). [Dkt. no. 11.]

On July 5, 2011, Plaintiff filed the instant Motion "Asking Prestige Court to Reinstate My Motions of Omnibus and Motion to Strike, Filed on June 27, 2011, Pursuant to Title 28

U.S.C. Sec. 636(B)(1)(b), Rule 74.2 of the Local Rules of Practice for the United States District Court for the District of Hawaii, and Rule 6(d) of the Federal Rules of Civil Procedure, of Written Objections in the United States District Court" ("7/5/11 Motion"). Plaintiff states that this Court misinterpreted his 6/27/11 Motion, which he did not intend to be a motion for summary judgment. The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").

After careful consideration of the motions and the relevant legal authority, Plaintiff's 7/5/11 Motion is HEREBY GRANTED insofar as this Court HEREBY WITHDRAWS the 6/28/11 Order. The Court has reviewed the 6/27/11 Motion in light of Plaintiff's clarification of the purpose of that motion, and the Court HEREBY DENIES the 6/27/11 Motion for the reasons set forth below.

## BACKGROUND

On May 5, 2011, Plaintiff filed his Employment Discrimination Complaint ("Complaint") against Defendant Hawaii State Judiciary, Department of Human Resources ("Defendant"). Plaintiff alleges that Defendant discriminated against him by failing to hire him for a clerical position because of his national origin. [Complaint at 2-3.]

Also on May 5, 2011, Plaintiff filed an application to

proceed *in forma pauperis* ("IFP Application") and a motion for the appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1)(B) ("Counsel Motion"). [Dkt. nos. 2, 3.] On May 19, 2011, the magistrate judge issued his order granting Plaintiff's IFP Application, together with his findings and recommendation to deny Plaintiff's Counsel Motion.[1] In recommending that this Court deny Plaintiff's Counsel Motion, the magistrate judge noted that courts consider three factors in determining whether to appoint counsel pursuant to 42 U.S.C. § 2000e-5(f)(1): "(1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." [5/19/11 F&R at 3 (citation and quotation marks omitted).] In considering the third factor, the magistrate judge analyzed the elements of a prima facie case for disparate treatment under Title VII. The magistrate judge found that Plaintiff's claims appeared to be without merit, and therefore the third factor weighed against the appointment of counsel. [Id. at 8-12.]

On May 26, 2011, this Court issued an order adopting the 5/19/11 F&R as the opinion and order of this Court ("Order Adopting 5/19/11 F&R"). [Dkt. no. 8.]

---

[1] Insofar as only the magistrate judge's findings and recommendation regarding the Counsel Motion are relevant to the motions currently before this Court, the Court will refer to the magistrate judge's May 19, 2011 filing as the "5/19/11 F&R".

Plaintiff's 6/27/11 Motion indicated that Plaintiff disagreed with the May 19, 2011 F&R, [6/27/11 Motion at 1 (noting that he received the 5/19/11 F&R but that he "couldn't argue with this prestige court on its weighing on my request for counsel"),] but Plaintiff did not expressly state that he was either objecting to the 5/19/11 F&R or seeking reconsideration of the Order Adopting 5/19/11 F&R.  The Court noted that it was not clear what relief Plaintiff sought in the 6/27/11 Motion, but the Court construed it as a motion for summary judgment on the Complaint.  [6/28/11 Order at 1.]  The Court did so because the 6/27/11 Motion contained statements such as "I would wish that this prestige court will withstand my prayers for relieve (sic) in the complaint subjected to this prestigious court on May 5, 2011."  [6/27/11 Motion at 10.]

Plaintiff now asserts that this Court misinterpreted the 6/27/11 Motion, which he intended to address the 5/19/11 F&R's discussion of the prima facie elements of his case.  [7/5/11 Motion at 1.]

### **DISCUSSION**

This district court recognizes three grounds for granting reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i 2006)

(citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998)) (some citations omitted); see also Local Rule LR60.1.

**I.   The 7/5/11 Motion**

Insofar as the 6/28/11 Order construed the 6/27/11 Motion as a motion for summary judgment when Plaintiff was not in fact seeking summary judgment, reconsideration is necessary to correct that error.  The Court therefore GRANTS Plaintiff's 7/5/11 Motion and WITHDRAWS the 6/28/11 Order.

The Court now turns to the merits of the 6/27/11 Motion, which Plaintiff has now clarified seeks to challenge the denial of Plaintiff's Counsel Motion.

**II.  The 6/27/11 Motion**

Plaintiff states that the purpose of the 6/27/11 Motion was "to re-establish [the] prima-facie elements" of his case as discussed in the 5/19/11 F&R.  [7/5/11 Motion at 1.]  Insofar as this Court has adopted the 5/19/11 F&R as the opinion and order of this Court, this Court liberally construes the 6/27/11 Motion as a motion to reconsider the Order Adopting 5/19/11 F&R.  Cf. Jackson v. Carey, 353 F.3d 750, 756-57 (9th Cir. 2003) ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." (citation and quotation marks omitted)). Plaintiff apparently argues that this Court should have rejected

the 5/19/11 F&R and instead granted Plaintiff's Counsel Motion because he has established the prima facie elements of his case.

This Court has reviewed the 6/27/11 Motion, and it does not establish either a recent change in law, new evidence, or a clear error in the Order Adopting 5/19/11 F&R. Further, Plaintiff has not shown that he will suffer manifest injustice if this Court does not reconsider the denial of Plaintiff's Counsel Motion. The Court notes that, although Plaintiff may disagree with this Court's ruling, that is not a sufficient basis for this Court to grant a motion for reconsideration. See White, 424 F. Supp. 2d at 1274 (citation omitted). The Court also cautions Plaintiff that the Court will not grant a motion for reconsideration based on evidence or legal arguments that Plaintiff could have raised in connection with the original motion, in this case, in Plaintiff's Counsel Motion. See id. (citing Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)).

The Court therefore FINDS that reconsideration of this Court's Order Adopting 5/19/11 F&R is not warranted.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion "Asking Prestige Court to Reinstate My Motions of Omnibus and Motion to Strike, Filed on June 27, 2011, Pursuant to Title 28 U.S.C. Sec. 636(B)(1)(b), Rule 74.2 of the Local Rules of

Practice for the United States District Court for the District of Hawaii, and Rule 6(d) of the Federal Rules of Civil Procedure, of Written Objections in the United States District Court", filed July 5, 2011, is HEREBY GRANTED insofar as this Court HEREBY WITHDRAWS its June 28, 2011 Order Denying Plaintiff's Motion Filed June 27, 2011 Without Prejudice because that order misinterpreted Plaintiff's "Motion to Strike on the Prima-Facie Establishments and Also to Seek Omnibus Motion on the Concurrent Substances Claimed Off Merits with the Nature Issues, and the Rebuttals Court Finds Frivolous and that If May Extend to Reliefs Entitled to within under Title VII of the Civil Rights Act and the Remedies of 1964 and 1991", filed June 27, 2011.

The Court has therefore reviewed Plaintiff's 6/27/11 Motion as a motion for reconsideration of this Court's May 26, 2011 Order Adopting Magistrate Judge's Findings and Recommendation.  Plaintiff's 6/27/11 Motion, however, does not establish any ground that would warrant reconsideration of this Court's Order Adopting 5/19/11 F&R.  Plaintiff's 6/27/11 Motion is therefore DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 14, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**NORMAN SIALES V. HAWAII STATE JUDICIARY, HUMAN RESOURCES; CIVIL 11-00299 LEK-RLP; ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION FILED JULY 5, 2011 AND DENYING PLAINTIFF'S MOTION FILED JUNE 27, 2011**