IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NORMAN SIALES, ) | CV. NO. 11-00299-DAE-RLP |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| HAWAII STATE JUDICIARY, ) | |
| DEPT. OF HUMAN RESOURCES, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

ORDER: (1) GRANTING DEFENDANT'S MOTION TO DISMISS
COMPLAINT; (2) GRANTING PLAINTIFF LEAVE TO AMEND;
AND (3) VACATING HEARING

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the motion and the supporting and opposing memoranda, the Court **GRANTS** Defendant Hawaii State Judiciary, Department of Human Resources' ("Defendant") Motion to Dismiss (Doc. # 38), and **VACATES** the Hearing on this matter set for March 19, 2012.

BACKGROUND

Plaintiff Norman Siales ("Plaintiff") is a citizen of Pohnpei, Micronesia. ("FAC," Doc. # 17 ¶ 5.) According to Plaintiff, on January 12, 2009, he began doing volunteer clerical work for Defendant. (Id. ¶ 12.) On January 28,

2009, Defendant denied his application for a court clerk position. (Id.) On August 11, 2009, Plaintiff reapplied for the same position and was again denied. (Id.) On January 31, 2010, Plaintiff filed a Charge of Discrimination with the Hawaii Civil Rights Commission ("HCRC"), alleging that Defendant did not hire him for the clerk position because of his national origin. (Doc. # 34-10.) According to Plaintiff, the HCRC and the Equal Employment Opportunity Commission ("EEOC") concluded that "they . . . couldn't find sufficient evidence in substantiating my employment discrimination claim." (FAC ¶ 16.)

On May 5, 2011, Plaintiff filed a Complaint ("original Complaint") against Defendant, alleging employment discrimination. (Doc. # 1.) Plaintiff alleged, among other things, that Defendant discriminated against him by failing to hire him for a clerical position because of his national origin. (Id. at 1–2.)

On August 10, 2011, Plaintiff filed a second Complaint, entitled "Complaint for Declaratory and Injunctive Relief." (FAC, Doc. # 17.) On September 6, 2011, Defendant filed its Answer to Plaintiff's original Complaint. (Doc. # 21.) On September 30, 2011, Defendant filed a Motion to Strike the second complaint. (Doc. # 31.)

On September 23, 2011, Plaintiff filed a Motion for a Preliminary Injunction, "Supplemental Memorandum for the Preliminary Injunctive Relief

Motion Ref: Retaliatory/Employment Discriminations" ("Injunction Motion"). ("Inj. Mot.," Doc. # 28.)  On December 20, 2011, Defendant filed a Memorandum in Opposition to Plaintiff's Injunction Motion.  ("Opp'n," Doc. # 34.)  On January 13, 2012, Plaintiff filed a Response to Defendant's Motion to Strike and Defendant's Opposition.  (Doc. # 35.)  On January 24, 2012, this Court issued an Order Denying Defendant's Motion to Strike and Denying Plaintiff's Injunction Motion.  ("Order," Doc. # 37.)

On January 30, 2012, Defendant filed a Motion to Dismiss the FAC ("Motion to Dismiss").  ("Mot.," Doc. # 38.)

On March 9, 2012, Plaintiff filed a "Pre-Trial Statement" (Doc. # 43) and a "Proposed Draft Response to Prestige Court's Recent Findings" (Doc. # 44).

## STANDARD OF REVIEW

I.   Federal Rule of Civil Procedure 12(b)(1)

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction. In a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the initial burden of proving that subject matter jurisdiction exists.  Robinson v. United States, 586 F.3d 683, 685 (9th Cir. 2009); Rattlesnake Coal. v. U.S. Envtl. Prot. Agency, 509 F.3d 1095, 1102 n. 1 (9th Cir. 2007).  "In considering the jurisdiction

questions, it should be remembered that 'it is a fundamental principle that federal courts are courts of limited jurisdiction.'" Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)).  Upon a motion to dismiss, a party may make a jurisdictional attack that is either facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack occurs when the movant "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Id.  By contrast, a factual attack occurs when the movant "disputes the truth of the allegations, that by themselves, would otherwise invoke federal jurisdiction." Id.

If the movant makes a factual attack on jurisdiction, the court may review evidence beyond the complaint. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003).  In resolving an attack on the facts, however, a court may weigh evidence to determine whether it has jurisdiction, as long as the jurisdictional facts are not intertwined with the merits. Rosales v. United States, 824 F.2d 799, 803 (9th Cir. 1987).  "No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Kingman Reef Atoll Investments, LLC v. United States, 541 F.3d 1189, 1195 (9th Cir. 2008)

4

(internal quotation marks and citation omitted).  "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction."  Savage, 343 F.3d at 1039 n. 2.

II.    Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss will be granted where the plaintiff fails to state a claim upon which relief can be granted. Review is limited to the contents of the complaint. See Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994).

A complaint may be dismissed as a matter of law for one of two reasons: "(1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim."  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984) (citation omitted).  Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the plaintiff.  See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss.  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007).  In providing grounds for relief, however, a plaintiff must do more than recite the

formulaic elements of a cause of action.  See id. at 556–57; see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988) ("[C]onclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted).  "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal quotations and citations omitted).  Thus, "bare assertions amounting to nothing more than a formulaic recitation of the elements" of a claim "are not entitled to an assumption of truth."  Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) ("[T]he non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (internal quotations and citations omitted).

   A court looks at whether the facts in the complaint sufficiently state a "plausible" ground for relief.  See Twombly, 550 U.S. at 570.  A plaintiff must include enough facts to raise a reasonable expectation that discovery will reveal evidence and may not just provide a speculation of a right to relief.  Id. at 586.  When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties

and the court." Id. at 558 (citation omitted). If a court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (finding that leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect" (internal quotations and citations omitted)).

III.    Federal Rule of Civil Procedure 8

The Court may also sua sponte dismiss a complaint for failure to comply with Federal Rule of Civil Procedure 8. Rule 8 mandates that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its " 'true substance, if any, is well disguised'" may be dismissed sua sponte for failure to satisfy Rule 8. Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)); Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (stating that a district court has the power to *sua sponte* dismiss a complaint for failure to comply with Rule 8 where the complaint is so confused, ambiguous, or unintelligible that its true substance is well disguised); see also McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written ..., prolix in evidentiary detail, yet without simplicity,

conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice[.]").

Put slightly differently, a district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendants fair notice of the wrongs they have allegedly committed.  See McHenry, 84 F.3d at 1178–80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); cf. Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1105 n. 4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling").  Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  Iqbal, 129 S. Ct. at 1949 (citations and quotations omitted).  "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit."  McHenry, 84 F.3d at 1179.

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

## DISCUSSION

As a preliminary matter, when a plaintiff appears pro se, the court has an obligation to construe the plaintiff's complaint liberally. See Bernhardt v. Los Angeles Cnty., 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) ("Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." (citation omitted)). "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citation and quotation omitted), superceded by statute. However, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

I.  Title VII

Plaintiff's first cause of action alleges a violation of Title VII of the Civil Rights Act of 1964 and 1991.  (See FAC ¶ 33.)  Plaintiff alludes to a "mental nor [sic] physical imparity [sic]" and asserts that the "adverse discriminatory acts did away from the dangers of respondent's unfair job requirements."  (Id.)  Although Plaintiff does not specify a particular legal theory under Title VII, the Court construes Plaintiff's FAC as alleging disparate treatment, retaliation, and disparate impact.[1]

---

[1] As a preliminary matter, Defendant seeks to dismiss Plaintiff's Title VII claims for lack of subject-matter jurisdiction because Title VII does not prohibit discrimination on the basis of disability.  (Mot. at 6.)  Further, Defendant argues that Plaintiff did not exhaust his administrative remedies because Plaintiff only filed a Charge of Discrimination with the HCRC based on national origin discrimination, not disability.  (Id. at 7.)  While the Court agrees that Plaintiff's "Cause of Action I" section of his FAC only makes direct reference to disability, the Court understands Plaintiff's entire FAC as alleging discrimination based on national origin.  (See FAC ¶¶ 1–2.)  Construing Plaintiff's complaint liberally, the Court finds that Plaintiff alleges a Title VII violation based on national origin.  Indeed, Defendant references national origin in its Motion.  For example, Defendant contends that "Lynn Kushiyama, who reviewed the applications by Plaintiff, was not aware of his national origin when the applications were reviewed."  (Mot. at 3.)

A.   Disparate Treatment

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII") prohibits employers from discriminating against an employee based on race, color, religion, sex, or national origin. Id. § 2000e–2.

"A disparate-treatment plaintiff must establish that the defendant had a discriminatory intent or motive for taking a job-related action." Ricci v. DeStefano, 557 U.S. 557, 129 S. Ct. 2658, 2672, 174 L. Ed. 2d 490 (2009). "To establish a prima facie case, plaintiffs must offer evidence that gives rise to an inference of unlawful discrimination." Hawn v. Executive Jet Mgmt., 615 F.2d 1151, 1156 (9th Cir. 2010) (quotations and modifications omitted).

At this stage, Plaintiff may meet this burden by alleging facts that, if true, would show: (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably. Chuang v. Univ. of Cal. Davis, Bd. of Trustees, 225 F.3d 1115, 1123–24 (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)).

The Court evaluates Plaintiff's FAC in light of this standard to determine whether it contains sufficient facts that, accepted as true, state a plausible claim. See Washington v. Certainteed Gypsum, Inc., No. 10-00204, 2011

11

WL 3705000, at *5 (D. Nev. Aug. 24, 2011) (citing <u>Sablan v. A.B. Won Pat Int'l Airport</u>, No. 10-00013, 2010 WL 5148202, at *4 (D. Guam Dec. 9, 2010)) ("Now, when evaluating employment discrimination complaints in the context of a Rule 12(b)(6) motion to dismiss, district courts in the Ninth Circuit are proceeding on the premise that although it may not be necessary that the complaint have facts constituting all the elements of a prima facie in order to survive the motion to dismiss, those elements are nonetheless relevant to the court's analysis of the sufficiency of the complaint.").

Here, to the extent that Plaintiff alleges disparate treatment under Title VII, this claim fails because Plaintiff does not even attempt to allege that Defendant treated other similarly situated job applicants more favorably. Accordingly, Plaintiff's FAC fails to state a disparate treatment claim.

B.     <u>Retaliatory Discrimination</u>

Under Title VII, it is unlawful for an employer to discriminate against any employee because he has opposed any practice made unlawful by this subchapter. <u>Crawford v. Metro. Gov't of Nashville & Davidson Cnty.</u>, 555 U.S. 271, 274 (2009) (citing 42 U.S.C. § 2000e–3(a)). "When an employee communicates to her employer a belief that the employer has engaged in a form of

employment discrimination, that communication virtually always constitutes the employee's opposition to the activity." Crawford, 555 U.S. at 276.

To establish a prima facie case of retaliation, a plaintiff must demonstrate that (1) he had engaged in a protected activity; (2) the [employer] subjected him to an adverse employment action; and (3) a causal link existed between the protected activity and the adverse employment action. See Nilsson v. City of Mesa, 503 F.3d 947, 953–54 (9th Cir. 2007) (quoting Porter v. Cal. Dep't of Corrs., 419 F.3d 885, 894 (9th Cir. 2005)); see also Little v. Windermere Relocation, Inc., 301 F.3d 958, 969 (9th Cir. 2002) (same).

Here, Plaintiff engaged in a protected activity when he filed a Charge of Discrimination with the HCRC. However, Plaintiff fails to allege any kind of causal link between this activity and Defendant denying Plaintiff's job applications. Indeed, the Court is unable to see how there could be a causal link because Plaintiff filed his Charge of Discrimination after Defendant denied both of Plaintiff's job applications.[2] (See Doc. # 34-10 at 8.)

---

[2] The Court takes judicial notice of Plaintiff's HCRC filing because it is in the public record. See, e.g., Suico v. Freeport-McMoran Copper & Gold Inc., No. 11-2269, 2012 WL 40461, at *2 (D. Ariz. Feb. 8, 2012) (citing Gallo v. Bd. of Regents of Univ. of Cal., 916 F. Supp. 1005, 1007 (S.D.Cal. 1995)) (noting that a court "may . . . consider documents of which it takes judicial notice, including those that are matters of public record such as charges filed with the EEOC."). Although Plaintiff asserts that "I believe I did file that incident with the HCRC

Without more, the Court finds that Plaintiff fails to state a retaliation claim under Title VII.

    C.    <u>Disparate Impact</u>

"A disparate impact claim challenges employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." <u>Rose v. Wells Fargo & Co.</u>, 902 F.2d 1417, 1423 (9th Cir. 1990). To establish a prima facie case of disparate impact, the plaintiff must allege facts that, if true, would (1) show a significant disparate impact on a protected class or group; (2) identify the specific employment practices or selection criteria at issue; and (3) show a causal relationship between the challenged practices or criteria and the disparate impact. <u>See</u> <u>Hemmings v. Tidyman's Inc.</u>, 285 F.3d 1174, 1190 (9th Cir. 2002) (citing <u>Atonio v. Wards Cove Packing Co., Inc.</u>, 810 F.2d 1477, 1482 (9th Cir. 1987)).

---

prior to the second application attempt," (<u>Id.</u> ¶ 13), Plaintiff's EEOC filing contradicts this statement by showing that Plaintiff filed his Charge of Discrimination on January 31, 2010, after Defendant denied <u>both</u> of Plaintiff's two job applications. (<u>See</u> Doc. # 34-10 at 8.)

Plaintiff fails to assert any factual allegations that would support a disparate impact claim. Therefore, insofar as Plaintiff alleges a disparate impact claim under Title VII, this claim fails.

## II.     ADA

Although Plaintiff does not specifically allege a violation of the Americans with Disabilities Act ("ADA") as one of his "Causes of Action," Plaintiff cites to the ADA throughout the FAC. (See, e.g., FAC ¶ 2.) Therefore, the Court construes Plaintiff's FAC as alleging a violation of Title I of the ADA.[3]

Title I of the ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To maintain a claim of discrimination under Title I of the ADA, a plaintiff must allege that he is: (1) disabled under the ADA, (2) a "qualified individual with a disability," and (3) discriminated against "because of" the disability. Nunez v. Wal–Mart Stores, Inc., 164 F.3d 1243, 1246 (9th Cir. 1999); see also 42 U.S.C. § 12112.

---

[3] Although Plaintiff also cites Titles II and V of the ADA, this Court construes Plaintiff's FAC as alleging a violation of Title I.

Defendant, as a state entity, has immunity against federal claims pursuant to the Eleventh Amendment, unless the state has waived its immunity by specifically consenting to suit.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  The State of Hawaii has not waived its sovereign immunity against ADA claims.  See, e.g., Doe v. State of Haw. Dep't of Educ., 351 F. Supp. 2d 998, 1018 (D. Haw. 2004).

Therefore, because Plaintiff's ADA allegations are barred by Eleventh Amendment immunity, the Court **DISMISSES** Plaintiff's ADA claim with prejudice as to Defendant.[4]

III.   Constitutional Claims

Plaintiff alleges that Defendant violated the Fifth and Fourteenth Amendments of the U.S. Constitution, as well as Article I, Sections 2 and 5 of the Hawaii Constitution.  (See FAC ¶ 34.)  Plaintiff appears to allege these violations based on Defendant's "alienage deprivations," "retaliatory discriminations," and

---

[4] Even if the state were not immune from Plaintiff's ADA claim, Plaintiff has not adequately pled an ADA claim.  For example, Plaintiff vaguely references "neurological abnormalities and mere schizophrenic," (FAC ¶ 23), and a "mental nor [sic] physical imparity [sic]," (Id. ¶ 33), but does not clearly state what disability he has.  Plaintiff also fails to allege facts that Defendant discriminated against Plaintiff because of this alleged disability.

actions related to the state's treatment of Plaintiff's two citations for driving under the influence.  (See id.)

Defendant argues that Plaintiff's constitutional claims should be dismissed because (1) Plaintiff did not cite to an enabling statute for the federal constitutional claim; (2) Eleventh Amendment immunity bars Plaintiff's federal and state constitutional claims; and (3) Plaintiff's claims are time-barred under a two-year statute of limitations.

In light of Plaintiff's pro se status, the Court will liberally construe Plaintiff's pleading as asserting 42 U.S.C. § 1983 as the basis for the Court's jurisdiction.  See, e.g., Ball v. Hawaii, Dep't of Atty. Gen., No. 11-00454, 2011 WL 3292557, at *1 (D. Haw. July 29, 2011) (citing Jackson v. Carey, 353 F.3d 750, 756–57 (9th Cir. 2003)).

However, the Court finds that Eleventh Amendment immunity protects Defendant against Plaintiff's federal and state constitutional claims.  See Pennhurst State Sch, 465 U.S. at 100 (establishing a state's immunity against federal constitutional claims); see also Spoklie v. Montana, 411 F.3d 1051, 1060 (D. Mont. 2005) (finding that the Eleventh Amendment barred plaintiff from asserting a violation of the state constitution in federal court).

Therefore, the Court **DISMISSES** Plaintiff's federal and state constitutional claims with prejudice as to Defendant.[5]

IV.   Leave to Amend

Pursuant to Rule 15(a)(2), courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  Further, "requests for leave should be granted with extreme liberality." Moss, 572 F.3d at 972.  "Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by an amendment." Id.  "However, 'liberality in granting leave to amend is subject to several limitations.'" Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1058 (9th Cir. 2011) (quoting Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989)).  "Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." Id. (citing Ascon Props., 866 F.2d at 1160).  "Further, '[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.' " Id. (quoting Ascon Props., 866 F.2d at 1160).

---

[5] Because the Court finds Plaintiff's constitutional claims barred by sovereign immunity, the Court need not address Defendant's argument that these claims are time-barred, nor Defendant's argument that the Court should dismiss Plaintiff's claims for injunctive relief.

Because Plaintiff is proceeding pro se, the Court will allow Plaintiff another opportunity to amend his complaint no later than thirty (30) days from the filing of this Order.

If Plaintiff chooses to file an amended complaint, it must (1) comply with Rule 8's requirement of "simple, concise, and direct" factual allegations, and (2) contain a basis for federal subject matter jurisdiction.  An amended complaint:

(a) must clearly state how Defendant has injured Plaintiff, or how the court can provide relief against Defendant.  In other words, Plaintiff should explain, in clear and concise allegations, what each Defendant did (or failed to do) and how those specific facts create a plausible claim for relief in reference to a specific statute or common-law cause of action; and

(b) must clearly state the relief sought and how there is basis for a claim in federal court. In other words, Plaintiff must explain the basis of this court's jurisdiction.

Failure to timely file an amended complaint and cure the pleading deficiencies **may** result in dismissal of this action with prejudice.  Plaintiff is further advised that an amended complaint supersedes any previous complaints. Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992).  The Court will not refer to any previous pleadings to make any amended complaint complete.  Local Rule 10.3

requires that an amended complaint be complete in itself without reference to any prior pleading.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## CONCLUSION

For the reasons stated above, the Court (1) **GRANTS** Defendant's Motion to Dismiss; (2) **DISMISSES WITH PREJUDICE** Plaintiff's federal constitutional claims, state constitutional claims, and ADA claims as to Defendant; (3) **DISMISSES WITHOUT PREJUDICE** Plaintiff's Title VII allegations; (4) **GRANTS** Plaintiff leave to amend; and (5) **VACATES** the hearing.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, March 19, 2012.



_____
David Alan Ezra
United States District Judge

Siales v. Hawaii State Judiciary, Dep't of Human Resources, Cv. No. 11-00299-DAE-RLP; (1) GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT; (2) GRANTING PLAINTIFF LEAVE TO AMEND; AND (3) VACATING HEARING